UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL LEN JACKSON,<br><br>Defendant. | Criminal No. 05-278<br>Magistrate No. 05-378-02<br>CKK/DAR |

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

**I. INTRODUCTION**

Defendant is charged with unlawful possession of a firearm following a felony conviction in violation of 18 U.S.C. § 922(g)(1). A consolidated preliminary and detention hearing commenced on July 12, 2005 and concluded on July 14, 2005.

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of counsel and the entire record herein, the Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

**II. THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir.1986); United

United States v. Michael Len Jackson                                                                 2

States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

### III. DISCUSSION

Counsel for the government presented its sole witness, Metropolitan Police Department Officer, Gregory Phifer, who testified that on June 29, 2005, he was sitting in his patrol car completing an accident report when he noticed a vehicle swerving down the street and then colliding into the sidewalk. Officer Phifer also testified that the Defendant was sitting in the front passenger seat of the vehicle. Officer Phifer stated that after the vehicle collided into the sidewalk, the Defendant exited the vehicle. Officer Phifer further stated that he and his partner approached the vehicle and the Defendant who had occupied the front passenger seat, was arrested. Officer Phifer testified that he and his partner saw a weapon in plain view lying on the front passenger seat

United States v. Michael Len Jackson                                         3

of the vehicle. The weapon was a loaded .357 magnum.

Counsel for the government, on its oral motion for pretrial detention, proceeded by way of proffer that Defendant had been convicted of four felonies, two of which were crimes of violence. Counsel for the government, in further support of the government's request for pretrial detention, proffered that Defendant was on parole for possession of a firearm during a crime of violence at the time of his arrest in the present matter.

Defendant, through counsel, offered by way of argument that Defendant's four prior convictions occurred thirteen, sixteen, twenty and twenty three years ago, respectively. Defendant's counsel proffered that Defendant was not involved in any criminal activity between 2001 and 2005. Defendant's counsel further proffered that Defendant could be released on conditions in which he would be subjected to electronic monitoring, live with his family and submit to weekly drug testing.

## IV. FINDINGS OF FACT

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by clear and convincing evidence that no condition or combination of conditions would assure the safety of the community. First, the nature and circumstances of the offense charged indicate that Defendant was in constructive possession of a loaded weapon.

Second, for the reasons proffered by counsel for the government, the undersigned finds that the weight of the evidence against the Defendant is compelling.

Third, while Defendant has some ties to the community, his history and characteristics militate against pretrial release. Of particular significance is that at the time of his arrest in this action, Defendant (1) was on parole in the District of Columbia for a gun offense; and (2) had previously been convicted of four felony offenses - two of which involved a weapon.

Finally, the undersigned is satisfied that the toll which unlawful possession of a weapon has

United States v. Michael Len Jackson

4

taken and continues to take upon this community is well-documented and need not be repeated here. The undersigned finds that the evidence of Defendant's possession of a loaded .357 handgun, while on parole for possession of a firearm during a crime of violence, demonstrates that Defendant is not amenable to community supervision.

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the July 14, 2005 Order of Detention.

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge

July 28, 2005
DATE

NUNC PRO TUNC to
July 14, 2005