UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 05-278-02 (CKK) |
| : | |
| RICO LEE THOMAS, : | |
| MICHAEL LEN JACKSON, : | |
| : | |
| Defendants. : | |

**GOVERNMENT'S NOTICE OF INTENT TO IMPEACH DEFENDANT MICHAEL JACKSON WITH HIS PRIOR CONVICTION PURSUANT TO FED. R. EVID. 609**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies defendant Michael Len Jackson and the Court of its intent to impeach defendant, should he choose to testify, with a prior conviction pursuant to Fed. R. Evid. 609. In support of its notice, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this notice:

**I. Background**

1. The defendant is currently charged with Unlawful Possession of a Firearm and Ammunition by a Felon. The defendant's prior convictions is as follows: On October 13, 1992, the defendant was convicted in the District of Columbia of Possession of a Firearm During a Crime of Violence (F-7505-92), and sentenced to five to fifteen years of confinement   On the date of his arrest in the instant case, the defendant was still on probation for that conviction. Should defendant Jackson choose to testify, the government seeks to use his conviction, pursuant to Fed. R. Evid. 609(a)(1), to impeach him.

**II. Fed. R. Evid. 609(a)(1)**

2. "[E]vidence that an accused has been convicted" of a crime punishable by more than one years' imprisonment may be used to impeach him if the probative value outweighs the prejudicial effect. Fed. R. Evid. 609(a)(1). The crimes described above are punishable by incarceration for more than one year's imprisonment. This Court should permit the use of the conviction to impeach the defendant because its probative value outweighs any prejudicial effect. United States v. Lipscomb, 702 F.2d 1049 (D.C. Cir. 1983) (en banc).

3. In Lipscomb, the Court of Appeals held that "all felony convictions are probative of credibility to some degree." Id. at 1062. Should he choose to testify, defendant's credibility will be a central issue in the case. The probative value of the conviction, therefore, is quite high. Id. With respect to the prejudice prong of the analysis, the Court of Appeals recognized that, while all impeachments with a prior conviction involve some prejudice, the operative question is "how much?" Id. Here, the prejudicial effect of using the conviction for impeachment is outweighed by its probative value. As part of its case in chief regarding the possession of the firearm by a convicted felon, the government is required to prove beyond a reasonable doubt that the defendant was convicted of a felony prior to possessing the firearm in this case. Accordingly, the conviction listed above are admissible as substantive evidence of the defendant's guilt of the crime charged. Since the jury will be aware of the conviction anyway, its use for impeachment purposes will not create any danger of unfair prejudice, and certainly not enough to outweigh its probative value as to the defendant's credibility. In addition, in United States v. Lewis, 626 F.2d 940, 951 (D.C. Cir. 1980), the court noted that "it is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit. . . . It is unfair and misleading to a jury,

when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue." Id. at 950.

**III. Fed. R. Evid. 609(b)**

      4. Fed. R. Evid. 609(b) places a temporal restriction on the use of convictions for impeachment purposes: "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . ." Here, defendant was convicted more than ten years ago, but was still on probation for that conviction at the time of his arrest for the instant offense. Thus, the conviction may properly be used for impeachment.

      WHEREFORE, the government respectfully notifies defendant and the Court of its intent to use defendant's prior conviction for impeachment purposes.

Respectfully Submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

_____
Lionel Andre
Assistant United States Attorney
Narcotics Section
555 4th Street, N.W.
Washington, D.C. 20001
(202) 353-2481