UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  :  <br> : <br> v.  :  Criminal No. 05-278 <br> : <br> RICO LEE THOMAS  : <br> MICHAEL LEN JACKSON  : <br> : <br> Defendants.  : <br> _____ : | |

### ORDER SETTING FORTH TRIAL PROCEDURES IN CRIMINAL CASES

In order to administer the trial of the above-captioned criminal case in a fair, just, efficient and economical manner, it is this 14th day of October, 2005, hereby

**ORDERED**, that counsel for the Government and Defendant(s) are directed to comply with each of the following procedures and requirements.

I.   GENERAL COURTROOM RULES:

The Court expects counsel to demonstrate civility towards everyone related to the case and the Court at all times.

1. All statements by counsel should be directed to the Court and not to opposing counsel.

2. Lawyers will refer to all witnesses, over the age of 18, including their clients, as "Mr." or Ms." The use of first names or nicknames is not allowed.

3. Witnesses will be addressed in a respectful and polite manner; there will be no shouting at witnesses.

4.  Lawyers shall interrogate witnesses and make opening statements and closing arguments from the lectern only. A lawyer will remain at the lectern when addressing the jury or when interrogating a witness.

5.  If a lawyer finds it necessary to approach a witness, permission should first be obtained from the Court.

6.  The rule on witnesses is **always** in effect.

7.  Times for starting and adjourning the trial day will be announced at the start of trial. Court will begin promptly and the jury will not be kept waiting. In particular, counsel are **warned** not to raise preliminary matters at the start of the trial day, when the jury and all others are ready to proceed. The Court will be available to resolve preliminary matters 15 minutes prior to the scheduled start of the trial day, or during the lunch break, or at the conclusion of the trial day. Trial time and jury time will not, however, be lost.

II.  WAIVER OF BENCH CONFERENCES:  Defense counsel shall secure a written waiver by the Defendant(s) of the right to be present at bench conferences during voir dire and trial, and file the same by 9:00 a.m. on the morning of trial.

III.  PRESENCE OF THE DEFENDANT(S):  The Defendant(s) will not be allowed to leave the Courtroom except during recesses and lunch hour. After trial begins and following recesses, the Defendant(s), if on bond, shall be required to be present unless prior approval is given by the Court for their absence.

IV.  **JURY SELECTION:**

All members of the panel will be seated in the courtroom in the order in which they are listed on the jury sheets. Attendance will be taken by the courtroom clerk, and the panel will be sworn in. The Court will announce, in advance of voir dire, the number of alternate jurors to be selected, the seats in which they will be placed, and the number of peremptory challenges to be allowed under F. R. Cr. P. 24.

Voir dire will be conducted by the Court. Standard voir dire questions will be asked. Requests for additional voir dire must be submitted, in writing, at least **one week prior to trial**. Questions submitted on the day of trial **will not** be considered. **During the voir dire process, the jury panel will be introduced to all of the participants in the trial and I will ask them a series of questions. If their answer to any question is "yes," they are asked to write the number of the question on a note card. At the end each member of the jury panel will be called up to answer any questions he or she has listed on the card.** At that time counsel may pose brief follow-up questions to those asked by the Court.

Strikes for cause will be heard after each juror is questioned. The order in which they are called to the bench will be according to the list provided by the juror office and not by the questions asked by the court. The Court will call to the bench only the number of jurors needed to be able to select a jury.

All peremptory strikes are to be made **on a written form** provided by the Court. Counsel are **not** to make their jury selections in open court or out loud. The Court utilizes the "Arizona" method. A pass will be treated as a strike. When counsel make their written strikes they are to indicate the juror number so there is no confusion. It is particularly important that counsel indicate, in the appropriate column on the form, the race and gender of each juror struck.

3

V.  CONDUCT OF THE TRIAL:

    1.  VERBAL OR FACIAL CONTACT WITH THE JURY: Counsel, the Defendant(s), and law enforcement personnel, shall not make any verbal comments, facial expression, laughter, or other contact with the jury which would be interpreted as conveying a comment one way or the other with respect to any testimony, argument or event that may occur during trial. Nor shall any such persons offer gratuitous comments or asides about witnesses' testimony or opposing counsel. Any persons violating this rule may be summarily ejected from the courtroom.

    2.  EVIDENTIARY ISSUES/MOTIONS IN LIMINE: Motions in Limine are encouraged with respect to legal matters that can reasonably be expected to arise during trial, and should be filed in advance of trial. Any legal matters or evidentiary issues which will arise during the course of the trial and have not been the subject of a motion in limine should be discussed between counsel in advance but no later than the night before the witness or exhibit is to be admitted in an effort to resolve any objections. If there is no resolution, the proponent of the objection or evidence shall FAX to chambers by no later than 7:15 a.m. in succinct terms the evidence or objection with legal authority, and the opposing party shall FAX by no later than 7:45 a.m. the contrary position with legal authority. The Court will discuss and rule during the time for preliminary matters each morning. In this way the jury will not be kept waiting while issues of this nature are discussed and resolved. If the Court has set a time limit for counsel to complete direct and cross-examination, any matters not brought to the Court's attention in this manner will be deducted from the time of the party who did not follow this procedure.

3.   EXHIBIT LISTS: All exhibits are to be marked numerically in advance of trial and the written list must contain a brief description of each exhibit. Further, the exhibits on the list shall be referenced by the count and by the Defendant to which they pertain. The defense may provide the same to the Court in camera.

4.   Government counsel is directed to deliver to defense counsel each evening (and preferably earlier) a list of witnesses the government anticipates calling the next trial day, and all Jencks Act or Brady material pertaining to each witness on the list should be delivered at the same time. If the materials are particularly voluminous for a witness, they may have to be produced at an earlier point. Nevertheless, counsel should understand that the Government will not be absolutely bound by the list in calling its witnesses because, on occasion, the prosecution desires in good faith to change an intended order of proof, or it becomes necessary to call a witness out of turn, etc. Security concerns may well justify non-identification of witnesses until they are actually called. These may be brought to the Court's attention in camera when the witness list excluding those names is delivered to defense counsel.

5.   EVIDENTIARY OBJECTIONS:   **EVIDENTIARY OBJECTIONS SHALL NOT BE ARGUED IN THE PRESENCE OF THE JURY, EXCEPT COUNSEL MAY STATE A ONE-WORD OR ONE-PHRASE GROUND THEREFOR.** It is expected that counsel shall anticipate and raise these issues before or after the trial day or at breaks. Bench conferences during trial are **discouraged.** Counsel must state the legal basis for their objections in a word or, at most, a phrase without elaboration or argument (unless called to the bench). For purposes of "protecting the record" and assisting the Court of Appeals, counsel may explain their

positions and the Court may explain its ruling on the record after the jury has been excused for a scheduled break or lunch.

  6. <u>DIRECT AND CROSS-EXAMINATION</u>: On direct or cross-examination of a witness, counsel shall not:

    A. be allowed re-cross-examination of any witness;

    B. testify by improperly incorporating facts into their questions so as to put before the jury information that has not been received into evidence; *see, e.g., United States v. Sampol*, 636 F.2d 621, 669 (D.C. Cir. 1980);

    C. use an objection as an opportunity to argue or make a speech in the presence of the jury; *see, e.g., United States v. Powe*, 591 F.2d 833, 839 (D.C. Cir. 1978);

    D. show to the jury a document or anything else that has not yet been received into evidence; *cf. United States v. Treadwell*, 740 F.2d 327, 339 (D.C. Cir. 1985), *cert. denied*, 474 U.S. 1064 (1986); or

    E. offer gratuitous comments and asides about witnesses testimony or opposing counsel.

Failure to abide by these rules may result in severe sanctions.

  7. <u>CLOSING ARGUMENTS</u>: The Court will deliver the bulk of final instructions <u>before</u> closing arguments. With regard to both opening statements and closing arguments, the Court will intervene *sua sponte* and not wait for objections if it observes the failure to adhere to basic legal principles. In making closing arguments, counsel shall be limited by the evidence presented during trial and are reminded of the prohibition against appealing to the passions or prejudices of jurors. Moreover, during closing arguments and throughout the trial, counsel shall not:

    A. comment adversely on the failure of any defendant to testify on his or her own behalf; *Griffin v. California*, 380 U.S. 609, 614 (1985);

    B. make statements of personal belief to the jury or express belief in the

credibility of any witness; *see, e.g., United States v. Young*, 470 U.S. 1, 8 (1985) (citing ABA Standards for Criminal Justice 4-7.8); <u>United States v. Jones</u>, 433 F.2d 1107, 1108 & n.5 (D.C. Cir. 1970) (per curiam);

        C.    make personal attacks on other counsel in the case; *see, e.g., Young*, 470 U.S. at 9; *United States v. Mealy*, 851 F.2d 890, 904 (7th Cir.1988);

        D.    appeal to the self interest of the jurors; *see, e.g., United States v. Monaghan*, 741 U.S. 1085 (1985); *United States v. Shirley*, 435 F.2d 1076, 1979 (7th Cir. 1970) (per curiam); or

        E.    make racial, political, or religious comments; *see, e.g., Brooks v. Kemp*, 762 F.2d 1383, 1413 (11th Cir. 1985), *cert. denied*, 478 U.S. 1022 (1986); *United States v. Hollins*, 811 F.2d 384, 390 (7th Cir. 1987).

Failure to abide by these rules may result in severe sanctions.

8.    From and after the moment the case is called for trial, any objection, motion or other application for relief made by any defense counsel orally or in writing shall be deemed to be adopted and joined in by every other defendant, respectively, without announcement by counsel to that effect, and the rulings of the Court shall be deemed applicable to each defendant unless otherwise stated at the time the ruling is made. Accordingly, it shall be regarded as unnecessary and improper for counsel to rise to "join in" an objection or motion. Rather, counsel should rise to be heard **only** for the purpose of expressly opting out of an objection or motion if that is their position.

9.    Except for a <u>defendant-witness</u> (because of Sixth Amendment implications), counsel calling a witness to testify should have no further discussions with that witness concerning the case or any aspect of the testimony after the witness has been tendered for cross examination and until such time as the witness has been tendered back for redirect examination. At all other times, within the bounds of governing ethics and the law, counsel may pursue their discussions with witnesses during the trial.

10. <u>**TAPES**</u>:    If there are tapes to be used in this case, counsel for both sides shall resolve any dispute between any alleged inaccuracy of the transcripts and the tape recordings. If it proves impossible for counsel to resolve the dispute, they shall so advise the Court at least two (2) days before Trial so that the Court will not be confronted mid-stream with this problem and the resulting delay and expense to the parties and the Court.

Oct 14, 2004
Date

**COLLEEN KOLLAR-KOTELLY**
United States District Judge

## ADDENDUM

## CRIMINAL TRIAL PROCEDURES

## JURY CASES

1. **Voir Dire**: Submit list of requested voir dire questions, showing those agreed upon and not agreed upon.

2. **Jury Instructions**: Submit list of standard instructions showing those agreed upon and not agreed upon; submit complete text of non-standard instructions with authorities relied upon; submit text of verdict form, including any special interrogatories.

3. **Submit diskette of all of the above.**