UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 05-278-02 (CKK) |
| : | |
| MICHAEL LEN JACKSON, : | FILED |
| : | OCT 1 8 2005 |
| Defendant. : | NANCY MAYER WHITTINGTON, CLERK |
| : | U.S. DISTRICT COURT |

**FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant hereby submit this Factual Proffer in Support of Guilty Plea. The essential elements of the offense of Carrying a Pistol Without a License (22 D.C. Code Section 4504(a) (2001 ed.)), each of which the Government must prove beyond a reasonable doubt, are as follows:

1. That the defendant carried a pistol openly or concealed on or about his/her person;

2. That the defendant carried the pistol knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently;

3. That the pistol was operable; that is, it would fire a bullet or other projectile; and

4. That the defendant was not licensed to carry the pistol by the Chief of Police of the District of Columbia; and

5. That the defendant carried the pistol in a place other than his/her home, place of business, or land or premises possessed and controlled by him.

Had this matter proceeded to trial, the Government was prepared to prove beyond a reasonable doubt that on Wednesday, June 29, 2005, at approximately 12:10 p.m., Metropolitan Police Department Officers Gregory Phifer and Howard Lamumba were sitting in a marked MPD police cruiser in the 3600 block of Alabama Avenue, S.E. in the District of Columbia, preparing an accident report for an accident that had just occurred. The officers observed a 1990 White 2-door Mercury Cougar, approaching them at a high rate of speed. Upon observing the police cruiser and the other cars at the accident scene, the White Mercury Cougar started swerving back and forth and soon careened out of control, while trying to navigate around the accident scene. The White Mercury Cougar then crashed and jumped onto the sidewalk. The White Mercury Cougar, which was driven by defendant Rico Thomas, with defendant Michael L. Jackson in the front passenger seat, came to a complete stop just a few feet away from the marked police car. Officers Phifer and Lamumba ( both in full uniform) then approached the White Mercury Cougar and requested defendant Thomas's license and registration. Defendant Thomas handed Officer Phifer his driver's permit, then jumped over his car, and bolted. ~~Simultaneously,~~ Defendant Jackson was asked out of the M.J. ~~who exited the~~ White Mercury from the front passenger seat. Defendant Jackson did not get very far and was detained within seconds. After further investigation, the police recovered a .357 caliber Dan Wesson revolver alongside the front passenger seat where defendant Jackson had been sitting. Further investigation revealed that the Dan Wesson revolver recovered from defendant Jackson's seat was operable and that defendant Jackson did not have a license to carry the pistol.

This factual proffer is a summary of the defendant Jackson's participation in the above-described crime, and is not intended to be a complete accounting of all facts and events related to the offense(s). The limited purpose of this factual proffer is to demonstrate that a factual basis exists to support the defendant Jackson's guilty plea in this case.

Respectfully Submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

_____
LIONEL ANDRE
ASSISTANT UNITED STATES ATTORNEY
Bar No. 422534
Federal Major Crimes Section
555 4th St., NW Rm. 4846
Washington, D.C. 20530
202-353-2481

## DEFENDANT'S ACKNOWLEDGMENT

I have read this factual proffer and have discussed it with my attorney, Douglas Wood, Esquire. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 10/18/05        x Michael Jackson
                        Michael D. Jackson

## ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully.

Date: 10/18/05        _____
                        Douglas Wood, Esquire
                        Attorney for the Defendant