UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **Crim. No. 05-278-02 (CKK)** |
| v. : | |
| : | |
| **MICHAEL LEN JACKSON,** : | Sentencing |
| : | January 20, 2006 |
| **Defendant.** : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Memorandum in Aid of Sentencing, recommending that the Court sentence Defendant Michael Len Jackson to three years of imprisonment followed by two years of supervised release.

### FACTUAL BACKGROUND

On June 29, 2005, at approximately 12:10 p.m., Defendant Jackson was the front passenger in a 1990 white Mercury Cougar operated by his former co-defendant in this case, Rico Lee Thomas. On Alabama Avenue, S.E., in Washington, D.C., Mr. Thomas lost control of the Cougar, which eventually came to a stop on the sidewalk. Officers of the Metropolitan Police Department approached Mr. Thomas and asked for his driver's license and registration. Mr. Thomas produced his license but immediately fled on foot. Officers also ordered Defendant Jackson to step out of the Cougar. When he did so, the officers discovered a .357 caliber Dan Wesson revolver alongside the front passenger seat where he had been sitting. The revolver was test-fired and found to be operable. Defendant Jackson did not have a license to carry a pistol in the District of Columbia on June 29, 2005. On October 18, 2005, Defendant Jackson pleaded guilty to Count 2 of a superseding information, which charged him with Carrying a Pistol Without a License, in violation of 22 D.C.

Code § 4504(a); in exchange, the Government agreed to dismiss Count 1, which charged Defendant Jackson with Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), at the time of sentencing. The plea agreement stated that the maximum statutory penalty for the offense to which Defendant Jackson was pleading guilty was five years of imprisonment and a $5000 fine. The charges against Mr. Thomas were dismissed without prejudice.

## ARGUMENT

This Court should sentence Defendant Jackson to the maximum statutory penalty for the offense of Carrying a Pistol Without a License in violation of 22 D.C. Code § 4504(a)(1): three years of imprisonment followed by two years of supervised release. *First*, Defendant Jackson has a very serious criminal record that includes multiple crimes of violence and controlled substance offenses. Indeed, he would have been subject to a fifteen-year statutory minimum term of imprisonment had he been convicted of a violation of 18 U.S.C. § 922(g). *See* 18 U.S.C. § 924(e)(1). In 1982, Defendant Jackson was convicted of Armed Robbery and sentenced to 1 to 5 years of imprisonment, all suspended, and two years of probation. Presentence Investigation Report ("PSI") ¶ 14. Less than three years later, he was convicted of Possession with Intent to Distribute PCP and sentenced to 20 months to 5 years in prison. *Id.* ¶ 15. Before five years had passed, Defendant Jackson was again convicted of a felony drug offense, Distribution of Cocaine, and sentenced to 20 months to five years in prison. *Id.* ¶ 16. Just over three years later, he was convicted of Possession of a Firearm During a Crime of Violence for firing a gun at another man, and was sentenced to five to fifteen years in prison. *Id.* ¶ 17. Up until the time of this most recent period of incarceration, Defendant Jackson

committed a felony every few years. Indeed, he has spent a significant portion of the twenty-five years since his high school graduation in 1980 in prison. *Id.* ¶ 41.

*Second*, Defendant Jackson's recent conduct suggests that he is at high risk for recidivism. He has performed poorly while under court supervision. Indeed, he was on parole for Possession of a Firearm During a Crime of Violence when he committed the instant offense of Carrying a Pistol Without a License. *Id.* ¶ 18. Until he was arrested on June 29, 2005, he was "marginally compliant" with his supervision, as he failed to maintain employment, and was suspended from drug testing for excessive absences. *Id.* Although he is a trained barber, and "reported being skilled in telephone maintenance, auto repair, and typing," he was unemployed at the time of the instant offense. *Id.* ¶¶ 39-40.

In short, Defendant Jackson comes before this Court convicted of a serious felony, Carrying a Pistol Without a License, that poses a significant danger to the community. He has four prior felony convictions, two of which were for crimes of violence or weapons offenses (Armed Robbery and Possession of a Firearm During a Crime of Violence), and at least one of which involved the actual discharge of a gun. He has shown that he cannot, or will not, comply with release conditions. For all of these reasons, the Government submits that the maximum statutory penalty for Carrying a Pistol Without a License, in violation of 22 D.C. Code § 4504(a)(1), three years of imprisonment followed by two years of supervised release, is the appropriate sentence in this case.

**CONCLUSION**

WHEREFORE, the Government respectfully recommends that the Court sentence Defendant Jackson to three years of imprisonment followed by two years of supervised release.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

BY: _____
JESSIE K. LIU
Assistant United States Attorney
D.C. Bar No. 472845
555 Fourth Street, N.W., Room 4649
Washington, D.C. 20530
(202) 514-7549